PER CURIAM.
James N. Houck alleged twenty separate grounds for relief in a motion filed under Florida Rule of Criminal Procedure 3.850. The trial court denied the motion without attaching portions of the record conclusively refuting all allegations and we reversed and remanded for portions of the record to be attached, or for an evidentiary hearing to be held. See Houck v. State, 704 So.2d 605 (Fla. 1st DCA 1997). On remand the trial court again denied the motion and attached portions of the record.
We affirm the denial of relief on nineteen grounds on the basis of the attached record or the facial insufficiency of the alleged grounds. However the trial court *1253 abused its discretion in denying relief without an evidentiary hearing on the allegation that counsel failed to communicate offers for plea agreements. We find this allegation sufficient to require an eviden-tiary hearing to determine if any plea offer was made that court-appointed counsel faded to communicate to Mr. Houck. See Graham v. State, 659 So.2d 722 (Fla. 1st DCA 1995).
Reversed and remanded.
ERVIN and BENTON, JJ„ CONCUR; BOOTH, J., DISSENTS.